IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **MARK A. GRETHEN,** ) | **CASE NO. 7:20CV00476** |
| ) | |
| Petitioner, ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| **HARRY J. PONTON, ET AL.,** ) | By:  Glen E. Conrad |
| ) | Senior United States District Judge |
| Respondents. ) | |

Petitioner Mark A. Grethen, a Virginia inmate proceeding pro se, filed this action titled as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254.  He contends that the length of his confinement has been unlawfully extended based on disciplinary proceedings in which officials violated his due process rights.  Upon review of the record, the court concludes that the petition must be summarily dismissed without prejudice.[1]

I.

Grethen is serving prison terms totaling twenty-six years in the Virginia Department of Corrections ("VDOC") for July 16, 2001, convictions in the Circuit Court for the City of Suffolk for two counts of forcible sodomy, two counts of aggravated sexual battery, and two counts of indecent liberties.  Grethen v. Johnson, No. 2:06CV52, 2006 WL 2381907, at *1 (E.D. Va. Aug. 15, 2006).  From March 2018 to August 2020, Grethen was transferred between VDOC prisons more than eight times, sometimes for medical needs.  When Grethen was transferred to Pocahontas State Correctional Center ("PSCC") in mid-2018, he had not been found guilty of a prison disciplinary infraction for five years.  While at PSCC, he incurred numerous disciplinary convictions, allegedly without due process and for discriminatory reasons.  He claims that all but the following six convictions were expunged: (a) PSCC-2018-1193, failure to follow

---

[1]  Under Rule 4 of the Rules Governing Section 2254 Cases, the district court may summarily dismiss a § 2254 petition when it is plain from the face of the petition that the litigant is not entitled to the relief he seeks.

instructional count procedures on August 26, 2018, found guilty, and penalized with a reprimand; (b) PSCC-2018-1434, failure to follow written or posted institutional rules on October 14, 2018, found guilty, and penalized with a $10 fine; (c) PSCC-2018-1492, disobeying an order on November 4, 2018, found guilty, and penalized by thirty days loss of recreation time; (d) PSCC-2018-1544, fighting with any person on November 23, 2018, found guilty, and penalized by thirty days loss of telephone privileges; (e) PSCC-2019-0072, threatening bodily harm to any person verbally on January 12, 2019, found guilty, and penalized by a $10 fine; and (f) PSCC-2019-0773, being in an unauthorized area on May 9, 2019, found guilty, and penalized by 30 days loss of telephone and electronics privileges.  See Pet. 1 and exhibits, ECF No. 1.

Grethen contends that, partly as a result of the disciplinary charges and convictions incurred at PSCC, the rate at which he was earning good conduct time was decreased from Class Level 1 (earning 4.5 days of good conduct time per 30 days served) to Class Level 4 (earning zero days of good conduct time).  See Pet. 121, ECF No. 1.  This reduction in his class level caused Grethen's estimated date for release from incarceration to change from June 3, 2024, to April 3, 2025.  Partly because of the many transfers and an alleged misstatement of the number of his disciplinary convictions, on September 9, 2019, the Virginia Parole Board denied Grethen's bid for geriatric conditional release, pursuant to Va. Code Ann. 53.1-40.01.[2]

Specifically, Grethen claims that his constitutional rights were violated in the following respects during some or all of the six disciplinary proceedings:

    1. Grethen was denied the effective assistance of counsel, despite a VDOC regulation providing an inmate the opportunity to request a staff advisor for every disciplinary proceeding;

---

[2] The Board stated that its reason for denying Grethen's application for geriatric parole was, in part, "Poor institutional adjustment (for example, motivation/attitude, unfavorable reports, lack of program involvement, etc.")." Pet. 121, ECF No. 1.

2. Grethen was denied the right to confront his accusers or other witnesses against him in person;

3. VOC regulations and hearing officer rulings impaired Grethen's ability to present a complete defense by limiting witnesses and evidence he could request and present, often without citing any security reason for doing so;

4. Grethen often was denied access to video footage and other evidence or documentation relevant to the charge against which he was defending;

5. Grethen was selectively prosecuted for disciplinary offenses at PSCC because he is a convicted sex offender, he is Jewish, he is known as a successful inmate litigator, and the officials at PSCC, who are mostly white, favor inmates affiliated with the Aryan Brotherhood;

6. The use of a hearing officer in VDOC disciplinary proceedings to serve in the roles of prosecutor, judge, and executioner violates the constitutional doctrine of separation of powers, and the hearing officer at PSCC often failed to maintain impartiality in the role of judicial officer; and

7. Grethen frequently did not have access to current versions of relevant VDOC procedures, and prison officials often violated such procedures by not fully expunging defective disciplinary convictions and by overreporting the number of infractions Grethen had incurred in a given period, which lengthened his term of confinement.

Grethen complains that all of these defects in the disciplinary proceedings at PSCC adversely affected his class level for earning good conduct time, the calculation of his estimated release date, and his ability to achieve geriatric parole release. As relief, he seeks to have each of the six

disciplinary convictions overturned and to have restored his previous estimated release date of June 3, 2024.

## II.

A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Fourteenth Amendment prohibits a state from depriving an individual of liberty without due process of law. U.S. Const. amend. XIV. A constitutionally protected liberty interest "may arise from the Constitution itself, by reason of guarantees implicit in the word liberty, . . . or it may arise from an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Criminal defendants enjoy certain rights derived from constitutional provisions, such as the effective assistance of counsel, obtaining and presenting witnesses and evidence, confronting one's accusers, avoiding compelled self-incrimination, and decision making by an impartial fact finder with no ties to the prosecution or the defense. Grethen admits that his claims seek to vindicate his rights under the same constitutional protections provided to a criminal defendant, and he phrases his claims accordingly.

Yet, the provisions and court decisions on which Grethen relies, dealing with criminal prosecutions, do not provide authority to support his claims for relief related to his prison disciplinary infractions. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."[3] Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In Wolff, the Supreme Court recognized that when a

---

[3] For example, inmates do not "have a right to either retained or appointed counsel in disciplinary hearings." Baxter v. Palmigiano, 425 U.S. 308, 315 (1976).

state's statutory scheme authorized deprivation of an inmate's earned good conduct time only if he was proved guilty of serious misconduct, he was entitled to certain "minimum requirements of procedural due process appropriate for the circumstances." Id. at 558. The Wolff opinion then defined those minimal procedural protections that prison officials must provide before an inmate can lose good conduct time he has already earned. Id. at 563-72.

In the six disciplinary proceedings that Grethen challenges, however, he did not lose any good conduct time that he had previously earned against his term of confinement. As penalties for the findings that he had engaged in charged misconduct, he suffered only the temporary loss of privileges, a reprimand, or a monetary fine. Such penalties do not trigger the type of liberty interest at stake in Wolff.[4] By contrast, inmates have no liberty interest derived directly from the Constitution itself in avoiding mere reductions in prison privileges or in a particular good-time credit earning level. Id. at 557. Thus, for Grethen to succeed in his federal habeas claims that defects in disciplinary proceedings caused a reduction in his earning rate for good conduct time, he must show that Virginia statutes or regulations created a protected liberty interest for him to retain a particular good time earning rate. He cannot make this showing.

State statutes create a liberty interest entitled to the federal constitutional due process protections outlined in Wolff only if they protect against status changes that "impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or "inevitably affect[] the duration of the inmate's confinement." Sandin v. Conner, 515 U.S. 472,

---

[4] While the monetary fines imposed on Grethen, as property interests, may trigger procedural protections, loss of a property interest does not implicate the fact or length of the inmate's term of confinement, as required to be properly raised in a habeas corpus claim. Preiser v. Rodriguez, 411 U.S. 475, 489 (1973) (inmate may challenge only fact or duration of his detention on federal constitutional grounds in petition for a writ of habeas corpus). Thus, Grethen's claims regarding his disciplinary fines are not properly raised in a habeas corpus proceeding and must be dismissed.

484, 487 (1995).[5]  "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law."  Id. at 485.

"[N]o constitutionally protected liberty interest is . . . created under [a state statutory] regime [if] either the primary decisionmaker or any reviewing authority is authorized to override, as a matter of discretion, any classification suggested by application of the prescribed substantive criteria."  Mills v. Holmes, 95 F. Supp. 3d 924, 933 (E.D. Va. 2015).  Because Virginia's good-conduct time programs give officials such discretion, whatever change a class level adjustment may render temporarily in an inmate's projected release date does not "inevitably affect" the actual length of time he will serve, so as to implicate a protected liberty interest under Sandin.  Id. at 931–34; Dennis v. Clarke, No. 3:15CV603, 2016 WL 4424956, at *6 (E.D. Va. Aug. 17, 2016) (collecting cases).  Thus, Virginia inmates do not enjoy a protected liberty interest in the rate at which they earn good conduct time toward their terms of confinement.  Similarly, Grethen has not pointed to any Virginia statute requiring the Parole Board to deny geriatric parole release to any inmate with a particular, reported history of disciplinary infractions or shortage of program completions.  See, e.g., Sandin, 515 U.S. at 487 (discussing discretionary nature of parole board decisions).  Because Grethen thus did not have a protected liberty interest in retaining his class level for earning good time or in being granted parole, he had no attendant federal constitutional right to particular procedural protections during the disciplinary proceedings or otherwise, related to the change in his class level or the denial of parole.[6]

---

[5] The court has omitted internal quotation marks, alterations, and/or citations here and elsewhere throughout this memorandum opinion, unless otherwise noted.

[6] Furthermore, a Virginia inmate's only constitutionally protected interest in parole is in being considered for discretionary release in accordance with the laws of the state.  Gaston v. Taylor, 946 F.2d 340, 344 (4th Cir. 1991).  In Virginia, parole authorities satisfy due process protections when they provide the parole-eligible inmate with a stated reason or reasons for denying parole.  Id. (citing Franklin v. Shields, 569 F.2d 784, 801 (4th Cir. 1977) (en banc)).

Grethen also cannot demonstrate any constitutional violations arising from officials' alleged violations of state law or VDOC regulations related to the disciplinary hearings or the reduction of his good time class level, as he alleges. While state regulations may provide for more stringent procedural protections than the Due Process Clause requires, "a state's failure to abide by its own law as to procedural protections is not a federal due process issue." Brown v. Angelone, 938 F. Supp. 340, 344 (W.D. Va. 1996) (citing Riccio v. Cnty. of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990)).

For the stated reasons, the court concludes that Grethen has not demonstrated that he was deprived of any federally protected liberty interest or denied any federally required procedural protection related to his disciplinary proceedings or to changes in his good conduct time earning level. Thus, he has not demonstrated that the current calculation of the length of his term of confinement violates the Constitution or laws of the United States so as to warrant habeas corpus relief under § 2254.[7] For these reasons, the court will summarily dismiss the petition as without merit.[8] An appropriate order will issue this day.

---

[7] Grethen's claims of selective prosecution are properly construed as arising under the Equal Protection Clause of the Fourteenth Amendment, rather than as a due process matter, and would be addressed under a different constitutional standard than his other procedural challenges in this case. See King v. Rubenstein, 825 F.3d 206, 220-21 (4th Cir. 2016) (holding inmate alleging selective treatment must show that he was treated differently than other similarly situated inmates as a result of intentional discrimination and that his disparate treatment was not rationally related to any legitimate penological interest). As stated, however, the penalties imposed during disciplinary proceedings that Grethen challenges as selective prosecution—fines and the temporary loss of privileges—did not affect the length of his term of confinement. Therefore, his equal protection claims are not appropriately raised in a habeas corpus proceeding and must be dismissed. Preiser, 411 U.S. at 489.

[8] Along with his § 2254 petition, Grethen filed a motion to stay disposition of the case, pending a decision by the Supreme Court of Virginia on his state habeas petition regarding the same claims about his disciplinary convictions. Court records online indicate that the Supreme Court of Virginia dismissed Grethen's state petition within days of his filing of this action. Accordingly, the court will deny Grethen's motion to stay as moot. Moreover, because the court herein finds that Grethen has failed to state any viable claim for relief under § 2254, the court will not require any response from the respondent or otherwise review the state court's disposition of these claims.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

**ENTER**: This <u>16th</u> day of December, 2020.

_____
Senior United States District Judge